United States District Court
Western District of Washington At Seattle

| | |
|---|---|
| Tomasz Sielicki<br><br>                   Plaintiff,<br><br>vs.<br><br>Holland America Line N.V., a Curacao corporation; HAL Antillen N.V., a Curacao corporation; HAL Nederland N.V., a Curacao corporation; and Holland America Line USA Inc., a Delaware corporation.<br><br>                   Defendants. | No.  2:21-cv-<br><br>Complaint For Damages For Personal Injuries<br><br>Jury Demand |

Plaintiff, Tomasz Sielicki, for cause of action against Defendants, alleges and states as follows:

## PARTIES

1. Plaintiff Tomasz Sielicki is now, and was at all times mentioned in this complaint, a resident of the country of Poland.

2. Defendant Holland America Line N.V., is now, and was at all times material a foreign corporation, and an owner and or operator of the MS Nieuw Statendam.

3. Defendant HAL Antillen N.V., is now, and was at all times material a Curacao corporation and the owner and or operator of the MS Nieuw Statendam.

Complaint For Damages
For Personal Injuries - 1

Case No. 21-cv-

Moure Law, pllc
A Professional Limited Liability Company
1521 Second Avenue, Suite 1400
Seattle, WA  98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

4. Defendant HAL Nederland N.V., is now, and was at all times material a Curacao corporation and the owner and or operator of the MS Nieuw Statendam.

5. Defendant Holland America Line-USA Inc., is now, and was at all times material, a Delaware corporation and the owner and or operator of the cruise ship MS Nieuw Statendam on which the subject incident occurred.  At all times material Holland America Line-USA Inc. was the agent of the other named Defendants.

6. At all times relevant and material to this complaint, Defendants acted through their agents, employees, and/or representatives, who in turn acted within the scope of their employment and/or agency.

7. At all times relevant and material to this complaint, one or more of the Defendants were bound by a contract(s) or agreement(s) with other parties, requiring Defendants, either on their own behalf and/or on behalf of other parties, to maintain, operate, and otherwise control the cruise ship in a ways that would be safe for use by passengers and invitees.

## JURISDICTION AND VENUE

8. This court has jurisdiction under 28 U.S.C. §§ 1332 and 1333, 46 U.S.C. § 30302, and or under the general maritime law, and under the contract(s) of carriage under which the claims are brought.  Jurisdiction is thus based on the court's admiralty jurisdiction and pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants.

Complaint For Damages
For Personal Injuries - 2
Case No. 21-cv-

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

10. Venue is proper in this Judicial District under 28 U.S.C. § 1391 (b) and (c) because the Defendants are subject to personal jurisdiction in this Judicial District and therefore are deemed to reside in this District.

11. All conditions precedent for filing and maintaining this action have been satisfied, have been waived, or do not apply.

## FACTS

12. Plaintiff entered into a contract of carriage with Defendants for the purpose of a cruise aboard the cruise ship MS Nieuw Statendam.

15. On or about February 26, 2020, Plaintiff was a fare-paying passenger when he suffered serious injuries while disembarking from the vessel for a shore excursion.

16. While disembarking from the Vessel on February 26, 2020, Plaintiff, while walking down the Vessel's gangway, slipped and fell backwards hitting his head and tearing his right quadriceps.  Prior to and during the injury occurring, the Vessel's crew had been washing down the side of the Vessel, causing the entire gangway to be completely wet. Despite this danger, the crew allowed the passengers to use the gangway and failed to post any warning signs.

17. This injury was plainly the result of Defendants' breaching the duty of exercising reasonable care as the crew made the entire gangway wet, yet allowed the passengers to use the gangway and also failed to post any warning signs regarding the gangway being wet.

Complaint For Damages
For Personal Injuries - 3
Case No. 21-cv-

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

18. Upon returning home Plaintiff underwent significant medical treatment for the injuries caused by Defendants' negligence.

## **CAUSE OF ACTION**

19. Plaintiff re-alleges the allegations in Paragraphs 1-18 as though set forth fully herein.

20. Defendants, as owners and operators of the vessel, owed Plaintiff an affirmative duty of reasonable care under the circumstances, or alternatively, a higher duty of care commensurate with their common maritime carrier/passenger relationship to Plaintiff.

21. Defendants owed Plaintiff a duty to maintain the vessel and its gangway in safe condition and to warn passengers of dangerous conditions.

22. Defendants knew or should have known of the defective and unreasonably dangerous conditions presented by the gangway on which Plaintiff slipped and fell.

23. On or about February 26, 2020, Defendants, their agents and or employees breached their duty of care to Plaintiff in one or more of the following ways, but in no way limited to:

    a. Defendants failed to use reasonable care to safeguard the Plaintiff during his cruise;

    b. Defendants failed to use reasonable care to inspect for hazards and to maintain the Vessel in a safe condition;

Complaint For Damages
For Personal Injuries - 4
Case No. 21-cv-

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

     c.     Defendants failed to take reasonable steps to correct and or eliminate known existing hazards and dangers presented to the Plaintiff by failing to have a dry gangway and failing to provide any warning to its passengers;

     d.     Defendants failed to take reasonable steps to warn Plaintiff of known dangers and hazards presented to passengers like Plaintiff;

     e.     Defendants failed to properly maintain its passenger gangway;

     f.     Defendants failed to provide Plaintiff with a safe gangway;

     g.     Defendants failed to warn Plaintiff of known safety hazards and to provide notice of reasonably foreseeable dangerous conditions and to protect Plaintiff from the unsafe hazards presented by maritime travel, dangerous conditions, and seas.

24. The negligent acts and omissions of Defendants both directly and proximately caused Plaintiff's serious injuries. The full extent of these injuries is not fully known at this time. Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

25. At all times material, Plaintiff was acting with due care for his own safety.

## DAMAGES

26. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious permanent bodily injuries, including but not limited to injury to his head and right quadricep muscles. Plaintiff's injuries resulted in pecuniary and other compensable losses,

Complaint For Damages
For Personal Injuries - 5
Case No. 21-cv-

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

including significant past and future reasonable and necessary medical and health care expenses. These include, but are in no way limited to, medical and physical therapy charges and co-pays, prescription and health care aid fees and costs, and other past and future health care fees, charges, and co-pays to be determined at the time of trial.

27. As a direct and proximate result of Defendants' negligence, Plaintiff incurred past and future out-of-pocket expenses in connection with his reasonable and necessary medical treatment including, but in no way limited to, transportation to obtain health care, and for household services, assistance, and other out-of-pocket costs in amounts to be proven at the time of trial.

28. As a direct and proximate result of Defendants' negligence, Plaintiff experienced physical and emotional injuries, including but in no way limited to, permanent physical impairment, disfigurement, pain, suffering, disability, limitations and loss of enjoyment of life in the past, and Plaintiff will with reasonable certainty continue to experience such injuries and general damages in the future.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants, jointly and severally, as follows:

Complaint For Damages
For Personal Injuries - 6
Case No. 21-cv-

**Moure Law, pllc**
A Professional Limited Liability Company
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

a. For money judgment in such an amount that will fully and fairly compensate Plaintiff for his injuries, including general damages, special damages, and all other damages to be proven at trial;

b. For all expenses of health care providers, past, present and future;

c. For attorney fees, taxable costs and disbursements;

d. For prejudgment interest, and

e. For post-judgment interest and other relief allowed by the Court.

DATED this April 9, 2021,

          MOURE LAW, pllc

          By _____/sCharles Moure_____
          Charles P. Moure, WSBA #23701
          Attorney for Plaintiff

Complaint For Damages
For Personal Injuries - 7
Case No. 21-cv-

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293